```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
            EASTERN DIVISION
```

| | |
|---|---|
| CAROL MARIE PIKE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. 24-cv-01053-TMP |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
|     Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Before the court is plaintiff's unopposed Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 20.)[1] Plaintiff Carol Marie Pike filed this action to obtain judicial review of defendant Commissioner's determination that she is not disabled under the Social Security Act. (ECF No. 1.) An order remanding the case was entered on August 14, 2024. (ECF No. 18.)

Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by the party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . ,

---

[1]After the parties consented to the jurisdiction of a United States magistrate judge on May 13, 2024, this case was referred to the undersigned to conduct all proceedings and order the entry of a final judgment, and all post-trial proceedings in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 11.)

unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As the plaintiff obtained an order from the court remanding the Commissioner's decision pursuant to sentence four of U.S.C. § 405(g), she qualifies as a prevailing party under the EAJA. The Court concludes that there are no special circumstances that would make an award unjust. Consequently, plaintiff is entitled to an award of attorney fees.

Plaintiff's counsel submitted a timesheet documenting 27.8 total hours of work on this case. (ECF No. 20-1 at PageID 760.) Within that total, 22.2 hours of work were performed by an attorney, and 5.6 hours were performed by a paralegal. (Id.) The value of the services was $6,094.90. (Id.) The EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The total fee amount is based on an hourly rate of $249.32 for the 22.2 hours of service performed by an attorney and $100.00 for the 5.6 hours of service performed by a paralegal. (ECF No. 20-1 at PageID 760.) The increase in the hourly rate is based on the rise in the cost of living since March 1996, when the EAJA statutory rate was last increased. The Court finds that the requested rate, the number of hours expended, and the costs incurred are reasonable.

It is hereby ORDERED that plaintiff Carol Marie Pike is awarded attorney fees under the EAJA in the amount of $6,094.00, made payable to plaintiff's attorney, as plaintiff has assigned these funds to her attorney. (ECF No. 20-6 at PageID 775.)

Remittance of the awarded attorney's fees will be contingent upon a determination by the government that plaintiff owes no debt(s) to the government that is subject to offset. If such a debt(s) exists, the government may make the entire EAJA fee payable to plaintiff and use the EAJA fee as an offset to the debt. See 31 C.F.R. § 285.5(e)(6)(ii); Astrue v. Ratliff, 560 U.S. 586 (2010). If the government determines that plaintiff's EAJA fees are not subject to offset, payment may be delivered electronically or by mail to plaintiff's counsel the Olinsky Law Group.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 27, 2024
Date